15-1831
*Mintz & Gold v. Daibes*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 16th day of March, two thousand sixteen.

Present:    ROBERT A. KATZMANN,
                         *Chief Judge*,
                 ROBERT D. SACK,
                 RAYMOND J. LOHIER, JR.,
                         *Circuit Judges.*

_____

MINTZ & GOLD LLP,

      *Plaintiff-Appellee-Cross-Appellant*,

          v.                                             Nos. 15-1831 (L), 15-1943(XAP)

FRED A. DAIBES,

      *Defendant-Appellant-Cross-Appellee.*

_____

For Plaintiff-Appellee/Cross-Appellee:          Steven G. Mintz, Mintz & Gold LLP, New York, NY.

For Defendant-Appellant/Cross-Appellant:     Richard J. Abrahamsen, New York, NY.


Appeal from the United States District Court for the Southern District of New York (Engelmayer, *J.*).

1

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,**

and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Fred A. Daibes appeals the district court's imposition of sanctions in the amount of $10,000 on Daibes' counsel, Richard J. Abrahamsen. We assume the parties' familiarity with the underlying facts, procedural history, and the issues on appeal.

We review orders imposing Rule 11 sanctions for abuse of discretion. *See Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 409 (1990); *Storey v. Cello Holdings, L.L.C.,* 347 F.3d 370, 387 (2d Cir. 2003). Underlying factual findings are reviewed for clear error. *Friends of Animals Inc. v. U. S. Surgical Corp.,* 131 F.3d 332, 334 (2d Cir. 1997). "We have noted that this deferential standard gives recognition to the premise that the district court is better situated than the court of appeals to marshal the pertinent facts and apply the fact-dependent legal standard that informs its determination as to whether sanctions are warranted." *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 333 (2d Cir. 1999) (internal quotation marks omitted).

Our review of the record and relevant case law shows that the district court properly imposed Rule 11 sanctions on Daibes' counsel. We therefore affirm the district court's judgment for substantially the same reasons stated by the district court in its thorough and well-reasoned opinion and order.

We have considered all of Daibes' arguments on this appeal and find that they lack merit. For the reasons given, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

2